**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4836**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL JERROD DIXON, a/k/a G Thang,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:09-cr-00207-CMC-3)

Submitted:  September 3, 2010         Decided:  October 15, 2010

Before NIEMEYER, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. Mackenzie, BARRETT MACKENZIE, LLC, Greenville, South Carolina, for Appellant.  William Walter Wilkins, III, United States Attorney, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dixon appeals his conviction and life sentence following a guilty plea to a single count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006).  His attorney has filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in enhancing Dixon's sentence when Dixon allegedly did not know he was pleading guilty to one of the predicate offenses, and whether the district court erred in enhancing Dixon's sentence when two of his predicate offenses "may have been consolidated" in state court.  Dixon was notified of his right to file a pro se supplemental brief, but has not done so.

Though counsel does not question the validity of the guilty plea or the Fed. R. Crim. P. 11 hearing, we will, in the Anders context, review the validity of the colloquy.  Because Dixon did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).  To establish plain error, he "must show: (1) an error was made; (2) the error is plain; and (3) the error

affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within [this court's] discretion, and [the court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). The defendant bears the burden of showing plain error.

Our review of the record leads us to conclude that the district court conducted a thorough colloquy well within the mandates of Rule 11. The court ensured the plea was knowing, voluntary, and supported by an adequate factual basis. We accordingly affirm Dixon's conviction.

This court reviews Dixon's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to "ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (internal quotation marks, citations and alterations omitted), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. This court presumes on

3

appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Counsel first questions whether Dixon's South Carolina conviction for possession of contraband in a jail should count towards a 18 U.S.C. § 851 (2006) sentence enhancement. Dixon argued in district court that he did not voluntarily plead guilty to the charge and he never appeared before a judge. Dixon is mounting a challenge to the conviction's validity pursuant to § 851(c). Because the underlying conviction was obtained in 1996 and the § 851 information was lodged in 2009, his challenge is clearly precluded by the five-year statute of limitations in § 851(e).

Dixon next questions whether his two underlying offenses should have been counted as a single offense for the purposes of § 851 because they were "consolidated." Though the record reveals that he was sentenced for both offenses on the same day, the offenses were clearly separate. The state treated the offenses as separate, there were separate charging documents, and the charges stemmed from separate arrests. We agree with counsel that this argument is without merit. We conclude that Dixon's sentence was both procedurally and substantively reasonable.

4

In accordance with <u>Anders</u>, we have reviewed the entire record and found no meritorious claims for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>